**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001006
10-MAR-2014
07:50 AM**

NO. CAAP-12-0001006

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ALYSSA M. BAILEY, Plaintiff-Appellant,
v.
JOHN ANTHONY SIRACUSA and SANDRA G. SIRACUSA,
dba METRO MOTORS, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-0278-02)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Plaintiff-Appellant Alyssa M. Bailey (**Bailey**) appeals from the Judgment filed July 10, 2012 in the Circuit Court of the First Circuit[1] (**circuit court**) in favor of Defendants-Appellees John Anthony Siracusa (**Siracusa**) and Sandra G. Siracusa, after a bench trial.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Bailey's appeal is without merit.

---

[1] The Honorable Patrick W. Border presided.

Bailey first contends the circuit court erred by failing to find Siracusa's statement that a vehicle sold to her by Siracusa, co-owner of Metro Motors, "was in good working order" was false. In light of undisputed evidence that the vehicle was driven for 6,657 miles during the eight month period after it was sold to Bailey, and the unchallenged finding that except for an oil change Bailey did not repair or service the vehicle the entire time she owned it, the circuit court's finding that the vehicle was in "good working order" was not clearly erroneous. Chun v. Bd. of Trustees of the Employees' Ret. Sys. of the State of Hawai'i, 106 Hawai'i 416, 430, 106 P.3d 339, 353 (2005).

Bailey's second contention is that Siracusa's statement that the vehicle was in good working order misled her in violation of Hawaii Revised Statutes (**HRS**) § 480-2 (2008 Repl.).[2] Under HRS § 480-2:

> A deceptive act or practice is (1) a representation, omission, or practice that (2) is likely to mislead consumers acting reasonably under the circumstances where (3) the representation, omission, or practice is material. The representation, omission, or practice is material if it

---

[2] HRS § 480-2 provides:

> §480-2 Unfair competition, practices, declared unlawful. (a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.
>
> (b) In construing this section, the courts and the office of consumer protection shall give due consideration to the rules, regulations, and decisions of the Federal Trade Commission and the federal courts interpreting section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended.
>
> (c) No showing that the proceeding or suit would be in the public interest (as these terms are interpreted under section 5(b) of the Federal Trade Commission Act) is necessary in any action brought under this section.
>
> (d) No person other than a consumer, the attorney general or the director of the office of consumer protection may bring an action based upon unfair or deceptive acts or practices declared unlawful by this section.

is likely to affect a consumer's choice. Whether
information is likely to affect a consumer's choice is an
objective inquiry, turning on whether the act or omission is
likely to mislead consumers as to information important to
consumers in making a decision regarding the product or
service.

Nakamura v. Countrywide Home Loans, Inc., 122 Hawai'i 238, 247-48, 225 P.3d 680, 689-90 (2010) (citations and internal quotation marks omitted).

"Any contract or agreement" that violates HRS § 480-2 "is void and is not enforceable at law or in equity." HRS § 480-12 (2008 Repl.). The first and third elements of a deceptive act or practice are present in Siracusa's statement, because it represented the condition of the vehicle and the vehicle's condition at the time of sale was material (i.e., likely to affect a consumer's choice). See Nakamura, 122 Hawai'i at 247-48, 225 P.3d at 689-90. Whether Siracusa's statement was "likely to mislead consumers acting reasonably under the circumstances[,]" the second element, presents a mixed question of law to fact that we address under a "clearly erroneous" standard. Id.; and see Chun, 106 Hawai'i at 430, 106 P.3d at 353.

Siracusa asserts that he informed Bailey, "there is no such thing as a perfect used car" and explained Metro Motors' disclaimer, stating, "used means used." Moreover, the Buyer's Guide provided to Bailey and signed by her clearly stated the car was being purchased "as is - no warranty." These statements were part of the record the circuit court considered when it reviewed the circumstances under which Bailey alleges she was misled by Siracusa's statement that the vehicle was in good working order. Because the circuit court could have reasonably concluded that a customer who was acting reasonably under these circumstances would not likely be led to believe the vehicle had no defects, we conclude the circuit court did not clearly err by rejecting

Bailey's claim under HRS § 480-2. See Nakamura, 122 Hawai'i at 247, 225 P.3d at 689.

Bailey's third contention is that the circuit court's conclusion that she failed to prove she incurred economic damages as a result of Siracusa's statements constitutes reversible error. The circuit court did not err in finding Bailey "offered no evidence of economic damages resulting from the sale of the Subject Vehicle" and concluded "[Siracusa] did not engage in any act or omission that legally caused [Bailey] to sustain any damages."[3]

Bailey's final contention is that the circuit court reversibly erred by failing to find "actionable confusion resulted from the way the particular form [Purchase Order and Invoice] was completed" and that the allegedly confusing form constituted an actionable claim under HRS § 481A-3(a)(12) (2008 Repl.). Under HRS § 481A-3(a)(12):

> §481A-3 Deceptive trade practices. (a) A person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person:
>
> . . . .
>
> (12) Engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

Bailey points out that the words "IS A" are not "crossed out" in the Purchase Order and Invoice and alleges this created a likelihood of confusion regarding whether she had a 3-day right to rescind the purchase. We acknowledge that the document alone is not conclusive because, although there are markings around the words "IS A," those markings do not actually cross through the words. Therefore the circuit court's FOF 10 is erroneous to the extent it finds that Siracusa "scratched out"

---

[3] Bailey paid $3,300 for the vehicle and received $4,818.38 for the same vehicle from her insurance company after the vehicle was stolen and damaged beyond repair.

4

the words "IS A." However, this error was harmless because there was testimonial evidence to support the material finding that Bailey was informed that there was no three day right to rescind the sale.

The Purchase Order and Invoice presents ambiguous evidence of the right to rescind because neither "IS A" nor "IS NO" is emphasized or negated. Although the Purchase Order and Invoice failed to definitively indicate whether the agreement included a right to rescind, the record shows that Siracusa and Metro Motors mechanic Hugo Allen (**Allen**) orally informed Bailey that she would not have a right to rescind the agreement within three days. Siracusa stated:

> I explained to [Bailey] that since the sale of the Subject Vehicle was not a door to door sale, she did not have a three day right to rescind the sale. In fact, I told [Bailey] that METRO MOTORS never allows the rescission of a car purchase, but rather extends customers a six month exchange privilege.

Siracusa's statement was corroborated by Allen. In the context of a fact finder's credibility determination, the Ninth Circuit held,

> [s]o long as there remains substantial evidence supporting the [fact finder's] conclusions on credibility and the error does not negate the validity of the [fact finder's] ultimate credibility conclusion, such is deemed harmless and does not warrant reversal.

Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008) (original brackets, citations, internal quotation marks and ellipses omitted).

Because substantial evidence supports the circuit court's conclusion that the parties' agreement did not include a right to rescind, we hold that the circuit court's finding that the words "IS A" were "scratched out" on the Purchase Order and Invoice was a harmless error and does not warrant reversal of the circuit court's judgment. See id.

Therefore,

IT IS HEREBY ORDERED that the Judgment filed July 10, 2012 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, March 10, 2014.

On the briefs:

Charles S. Lotsof
for Plaintiff-Appellant.

Philip R. Brown
Effie Steiger
Justin M. Chu
(Law Offices of Philip R. Brown)
for Defendants-Appellees.

Chief Judge

Associate Judge

Associate Judge

6